UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. NO. 3:19CR33(JAM) |
| v. | |
| ALAA HASAN QALB ALLOUZ | October 29, 2019 |

GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States respectfully submits this memorandum for the sentencing of the defendant Alla Hasan Qalb Allouz, which is scheduled for November 5, 2019.

I.   INTRODUCTION AND BACKGROUND

On May 15, 2019, the defendant pled guilty to one count of interstate domestic stalking, in violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5) and (b)(6).

II.  FACTS AND CIRCUMSTANCES OF DEFENDANTS' CONDUCT

The defendant faces a total maximum penalty of five years' imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment.   As set forth in the presentence report ("PSR"), the Probation Office has calculated the defendant's total offense level to be 19 and his imprisonment range is 46 to 57 months.

III. Discussion

   III. Discussion

After the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220, 243-245 (2005) rendered the Sentencing Guidelines advisory rather than mandatory, a sentencing judge is required to: "(1) calculate[] the relevant Guidelines range, including any applicable departure under the Guidelines system; (2) consider[] the Guidelines range, along with the other § 3553(a) factors; and (3) impose[] a reasonable sentence."   *See United States v. Fernandez*, 443 F.3d 19,

26 (2d Cir. 2006); *United States v. Crosby*, 397 F.3d 103, 113 (2d Cir. 2005). The § 3553(a) factors include: (1) "the nature and circumstances of the offense and history and characteristics of the defendant"; (2) the need for the sentence to serve various goals of the criminal justice system, including (a) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment," (b) to accomplish specific and general deterrence, (c) to protect the public from the defendant, and (d) "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) the kinds of sentences available; (4) the sentencing range set forth in the guidelines; (5) policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a).

The Second Circuit reviews a sentence for reasonableness. *See Rita v. United States*, 127 S. Ct. 2456, 2459 (2007). The reasonableness standard is deferential and focuses "primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a)." *United States v. Canova*, 412 F.3d 331, 350 (2d Cir. 2005).

In this case, the most significant § 3553(a) factors are the seriousness of the offense conduct, the personal characteristics of the defendant, the need for both specific and general deterrence and to provide the defendant with needed educational or vocational training, medical care and/or other correctional treatment. In evaluating those facts, a sentence of 37 months' imprisonment is justified and appropriate in this case.

As the offense conduct outlined in the PSR establishes, this case involves harassing and intimidating conduct along with implicit threats of violence. The defendant knowingly participated in the crime as outlined in the PSR and it is fortunate that no one was gravely injured

during the commission of this offense. As such, the sentence imposed by the Court should reflect the seriousness of the offense, promote respect for the law and provide just punishment.

Moreover, the defendant engaged in his harassing conduct toward the victims over a prolonged period of time, and thus, specific deterrence is a very real issue in this case, and the Court's sentence should send a message that the defendant's decision to continue engage in the instant conduct has very significant consequences. This is especially so here where the defendant has repeatedly violated protective orders. Another key factor in this case is general deterrence. A significant sentence here will have an impact on other individuals who are faced with the decision of whether or not to engage in this type of conduct. In sum, a 37-month term of imprisonment is justified in light of the above.

V.      CONCLUSION

The Government respectfully requests that the Court sentence the defendant to a term of imprisonment of 37 months.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

*/s/ Douglas P. Morabito*

DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. CT20962
157 Church Street; 23rd Floor
New Haven, Connecticut   06510
(203) 821-3810
Douglas.morabito@usdoj.gov

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on October 30, 2019 a copy of the foregoing Government's Sentencing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Douglas P. Morabito*

DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY
Federal Bar Number: CT20962
157 Church Street, 23rd Floor
New Haven, CT 06510
(203) 821-3700